IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TOMMY R. SHEPPARD AND WIFE,
BETTIE SHEPPARD                                                                    PLAINTIFFS

V.                                                                    CAUSE NO.: 1:11CV065-SA-JAD

MORRIS & ASSOCIATES; WELLS FARGO
FINANCIAL MISSISSIPPI NO. 2, INC.;
TISHOMINGO BAPTIST CHURCH OF
TISHOMINGO, INC.; AND EMILY
KAYE COURTEAU, INDIVIDUALLY                                                        DEFENDANTS

MEMORANDUM OPINION

This case was removed from the Chancery Court of Tishomingo County on March 9, 2011. The state court complaint accuses Morris & Associates, Wells Fargo Financial Mississippi No. 2, Inc. ("Wells Fargo"), and Emily Kaye Courteau of wrongful conduct in execution of foreclosure proceedings against property released by the Sheppard's bankruptcy estate. The complaint additionally names the Tishomingo Baptist Church as a defendant in order to set aside the transfer of the property to that entity. Defendants removed this action on the grounds that the Church was improperly joined and that the Bankruptcy Code governed the claims. Plaintiffs now seek to remand the action back to the Tishomingo County Chancery Court.

For the following reasons, the Court DENIES the Motion to Remand [13]:

*Factual and Procedural Background*

Tommy and Bettie Sheppard filed a Chapter 13 bankruptcy action on December 28, 2007. On June 5, 2009, the Bankruptcy Judge entered an order lifting the automatic stay on Plaintiffs' real property located at 16 First Avenue, Tishomingo, Mississippi. The Plaintiffs did not oppose that action. The Order Lifting Stay allowed Wells Fargo to "take possession of the Property, to advertise for and conduct a non-judicial sale by foreclosure and to otherwise pursue its state law and contract

remedies as is necessary for [Wells Fargo] to recover upon its secured claim to the Property."

According to Plaintiff's Complaint, Emily Kaye Courteau then purported to sell said property on February 11, 2010, at the Tishomingo County courthouse between the hours of 11:00 a.m. and 4:00 p.m., in accordance with the Deed of Trust and the laws of the State of Mississippi. Wells Fargo bought the interest in the 16 First Avenue property for $48,000. Plaintiffs contend the Trustee's sale did not occur and attaches the affidavit of Quthel McNatt, who contends he was present at the courthouse during the time the sale was supposed to occur, but that the foreclosure sale of 16 First Avenue was a non-event. One month after the supposed sale, Wells Fargo resold the 16 First Avenue property to Tishomingo Baptist Church.

Plaintiffs received permission from the Bankruptcy Court to hire counsel to bring their claims against Defendants.[1] The action was filed in Tishomingo County Chancery Court on February 9, 2011 seeking recovery of damages and property allegedly wrongfully foreclosed on by Defendants. Defendants removed on the basis that there was diversity of citizenship jurisdiction in the federal court as Defendant Tishomingo Baptist Church of Tishomingo, Inc., was improperly joined, or alternatively, that the matter invoked federal question jurisdiction as arising under the Bankruptcy Code. In the meantime, the United States Supreme Court handed down Stern v. Marshall, 564 U.S. —, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (June 23, 2011), which the parties agree

---

[1] Plaintiffs originally sought authority from the Bankruptcy Court for an action against Morris & Associates and Emily Kaye Courteau. See In re Tommy and Bettie Sheppard, No. 07-14709, [84] (N.D. Miss. Bank. Ct. Nov. 30, 2010). Wells Fargo then filed a Motion to Refer to Bankruptcy Court in this Court [20] on the grounds that Plaintiffs had no secured consent from the Bankruptcy Court to pursue the suit against that entity. The Bankruptcy Court later amended the Order approving the application to employ an attorney granting the Plaintiffs leave to file a lawsuit for damages against Morris & Associates, Emily Kaye Courteau, Wells Fargo Financial Mississippi 2, Inc., and Tishomingo Baptist Church of Tishomingo, Inc. See In re Tommy and Bettie Sheppard, No. 07-14709, [89] (N.D. Miss. Bank. Ct. May 27, 2011). Accordingly, Wells Fargo's Motion to Refer [20] is DENIED.

divests the Bankruptcy Court of jurisdiction to hear the claims of the Plaintiffs under Article III of the Constitution.

Plaintiffs filed this Motion to Remand [13] to establish that there is a viable cause of action against the Tishomingo Baptist Church of Tishomingo, Inc., and Defendants have responded.[2]

*Improper Joinder Standard*

The purpose of the improper joinder rule is to prevent a plaintiff from joining a non-diverse defendant in order to defeat diversity jurisdiction. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). In the Fifth Circuit, there are "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Id. (punctuation omitted). "The burden of persuasion on a party claiming improper joinder is a heavy one." Kling Realty Co. v. Chevron United States, Inc., 575 F.3d 510, 514 (5th Cir. 2009). To establish improper joinder through the second prong of the analysis, a removing defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the . . . court to predict that the plaintiff might be able to recover against an in-state defendant." Id.

The Court may resolve the issue in two ways. Smallwood, 385 F.3d at 573. First, the Court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Id. Then, in cases where the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the Court "may, in its discretion, pierce the pleadings and

---

[2] Plaintiffs concede that the jurisdictional amount in controversy requirement is met in this case.

conduct a summary inquiry." Id. To be clear, the Court must first conduct a 12(b)(6) analysis, and it may only pierce the pleadings if Plaintiff stated a valid claim for relief under state law. Id.; see also Larroquette v. Cardinal Health 200, Inc., 466 F.3d 373, 376 (5th Cir. 2006); McDonal v. Abbott Labs, 408 F.3d 177, 183 n. 6 (5th Cir. 2005); Anderson v. Ga. Gulf Lake Charles, LLC, 342 F. App'x 911, 915-16 (5th Cir. 2009); Smith v. Petsmart, Inc., 278 F. App'x 377, 379 (5th Cir. 2008); Berry v. Hardwick, 152 F. App'x 371, 374-75 (5th Cir. 2005).

When the court, in its discretion, undertakes the summary judgment-like approach, it must view all evidence in a light most favorable to the nonmoving party. Badon v. RJR Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000). However, the court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id. at 393-94 (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). If the court finds, based on the evidence before it, that there is no possibility of recovery against the defendant, the court must consider the defendant improperly joined and disregard the defendant's citizenship for jurisdictional purposes. Badon, 224 F.3d at 389.

*Discussion and Analysis*

Plaintiffs' Complaint contains insufficient facts to state a valid claim for relief as to Tishomingo Baptist Church of Tishomingo, Inc. Indeed, Plaintiffs failed to provide any factual allegations whatsoever in support of their claims against that entity. The Complaint merely provides: "Plaintiffs pray for and request that the transfer of the subject property to Tishomingo Baptist Church of Tishomingo, Inc., be set aside and held for naught and for such other relief as the court may deem proper in the premises." Of course, this is a textbook example of the sort of conclusory allegation or legal conclusion that the Court is not permitted to accept as true when conducting a 12(b)(6) analysis. Great Lakes Dredge & Dock Co. LLC v. La. State, 624 F.3d 201, 210 (5th Cir.

2010). Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." Hershey v. Energy Transfer Partners, L.P., 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). Therefore, as Plaintiffs failed to state a valid claim for relief as to Defendant Tishomingo Baptist Church of Tishomingo, Inc., the Court finds that it was improperly joined. The Court dismisses Plaintiffs' claims as to Tishomingo Baptish Church of Tishomingo, Inc., without prejudice.

Even were the Court to find Plaintiffs had met the Rule 12(b)(6) burden, they have failed to raise sufficient evidence to show that Plaintiffs may recover the property from the Tishomingo Baptist Church of Tishomingo, Inc. First, Plaintiffs acknowledge that Tishomingo Baptist Church of Tishomingo, Inc., was a "bona fide purchaser for value of the property in question." Thus, in order to establish liability against that entity, Plaintiffs must put forth some allegation that the Tishomingo Baptist Church of Tishomingo, Inc., had actual knowledge of Plaintiffs' outstanding claim against Wells Fargo, Morris & Associates, and Emily Kaye Courteau. Robertson v. Dombroski, 678 So. 2d 637, 640 (Miss. 1996); So. Life Ins. Co. v. Pollard Appliance Co., 150 So. 2d 416, 421 (Miss. 1963) ("The general rule is that a purchaser for value may . . . enjoy the property free from any adverse claim of which he had no notice at the time of his purchase . . . .").

Plaintiffs attached to their Motion to Remand an affidavit from Quthel McNatt who avers that he was at the Tishomingo County courthouse on the date of the supposed foreclosure sale and was "ready, willing and able to purchase the subject property in Tishomingo County, Mississippi." He further swears that "[n]o one appeared to conduct the sale of the subject property." Plaintiffs

contend this establishes that the Tishomingo Baptist Church of Tishomingo, Inc., had notice that Plaintiffs's foreclosure sale was improperly held. There is no indication in Quthel McNatt's affidavit that he is associated with the Tishomingo Baptist Church of Tishomingo, Inc. The only thing the Court has is Plaintiffs' counsel's contention that McNatt is a deacon of that church. That motion also references that several other affidavits have been taken, but the Court does not have access to those affidavits and no other proof has been put forth to establish liability against this defendant. Accordingly, the Tishomingo Baptist Church of Tishomingo, Inc., was improperly joined to this action and shall be dismissed as a party if the Court were to pierce the pleadings and examine summary judgment-type evidence in support of Plaintiffs' motion to remand.

*Conclusion*

Plaintiffs' Motion to Remand [13] is DENIED. Tishomingo Baptist Church of Tishomingo, Inc., is an improper party to this litigation as Plaintiffs have failed to establish a cause of action against the non-diverse party. Therefore, as all parties are diverse and the amount in controversy exceeds $75,000, jurisdiction is proper in the federal court.

SO ORDERED, this the 29th day of March, 2012.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**